## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

KISHA HAWKINS,                         :
                                       :
         Plaintiff,                    :
                                       :
    v.                                 : Civil Action No. 09-0491 (JR)
                                       :
DISTRICT OF COLUMBIA,                  :
                                       :
         Defendant.                    :

### MEMORANDUM

     Kisha Hawkins seeks review of an independent hearing officer's decision that her seven-year-old son, D.C., is not entitled to relief pursuant to the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 et seq.  The parties have filed cross-motions for summary judgment.  For the reasons that follow, the defendant's motion will be granted.

### Background

     Despite D.C.'s young age, the dispute over his education between Hawkins and the District of Columbia Public Schools ("DCPS") has a long history.  See Hawkins v. District of Columbia, 539 F. Supp. 2d 108, 110-12 (D.D.C. 2008).  On March 7, 2008, Judge Bates held that DCPS had failed to provide D.C. with a free appropriate public education ("FAPE") as required by IDEA, and he ordered DCPS to convene a multi-disciplinary team ("MDT") meeting to determine D.C.'s eligibility for special educational services.  See id. at 116.  On May 20, 2008, DCPS convened the MDT meeting, which reached a preliminary determination that D.C.

is eligible for educational services.  A.R. 83-85.  Hawkins listened to the meeting by telephone.  Id. at 83.

This period of relatively smooth relations between the parties ended quickly.  DCPS convened a second meeting on June 10, 2008, at which it developed a draft Individualized Education Program ("IEP") for D.C.[1]  Id. at 94-102.  Hawkins did not attend, and the parties dispute whether DCPS gave her adequate notice and scheduling options.[2]  Id. at 95.  Three days after the meeting, DCPS mailed the draft IEP to Hawkins' counsel, but it never received a response.  A.R. Tr. 37-38, 59-60.

Although D.C. had attended Turner Elementary during the previous school year, he did not initially attend any school from September to November 2008.  Id. at 48-49.  Hawkins contends that DCPS failed to designate a school for D.C. for the new school year, while DCPS contends that she was at fault for failing to enroll her son at Turner Elementary.  DCPS sent correspondence to Hawkins and her counsel on September 2, 2008, in an attempt to schedule a meeting to develop a final IEP.  Id. at 49-51.  DCPS also sent social workers to Hawkins' home to determine why her son was not in school.  Id.  While Hawkins met with a social

---

[1] Hawkins objects to labeling the result of the June meeting an "IEP" because she contends it was not properly prepared.

[2] Additionally, DCPS denies receiving a fax sent by Hawkins' counsel on June 6 rejecting the June 10 meeting date and offering three alternative dates.  A.R. 86-87; A.R. Tr. 36, 39-40.

worker who visited, see St. of Kish Hawkins, attached to Pl. Reply at Ex. 4, she did not make any additional efforts to contact DCPS or to bring D.C. to school.  However, on October 14, 2008, her counsel sent DCPS a request to hold another MDT meeting and develop a final IEP.  A.R. 88.  DCPS did not responded to the request.

On November 3, 2008, Hawkins filed a due process complaint alleging, inter alia, that DCPS had failed to develop an IEP or select a proper school for D.C.  Id. at 9-13.  On November 20, 2008, Hawkins unilaterally enrolled her son in High Road Primary School, a private school in Washington D.C. designed to cater to special needs students.  A.R. Tr. 26-27.  On December 9, 2008, the hearing officer held that Hawkins had failed to meet her burden and dismissed her petition.  A.R. 1-5. On March 13, 2009, Hawkins filed this action, seeking review of the hearing officer's determination and demanding as relief, inter alia, that DCPS fund D.C.'s attendance at High Road.

Sometime soon thereafter, DCPS agreed to fund D.C.'s attendance at High Road, retroactive to his enrollment.  See St. of Sandra Booz, attached to Pl. Mot. at Ex. 2.  Subsequently, on April 22, 2009, the MDT developed a new IEP for D.C.  See IEP, attached to Pl. Mot. at Ex. 1.  Hawkins signed the IEP, indicating her assent to its terms.  Id.

Despite the apparent satisfaction of both parties, litigation has continued.  Hawkins moves for summary judgment, alleging DCPS erred in various respects during the period from May to November of 2008.  DCPS cross-moves for summary judgment, arguing, <u>inter alia</u>, that Hawkins has failed to meet the statute's requirements that she show substantive harm in conjunction with the alleged procedural errors.

## **Standard of Review**

In reviewing an IDEA due process hearing, a district court must determine whether a plaintiff is entitled to judgment based on a preponderance of the evidence.  <u>See</u> 20 U.S.C. § 1415(i)(2)(C)(iii).  When neither party requests that the court hear additional evidence before ruling on a motion for summary judgment, the motion is to be construed as a "procedural vehicle for asking [a] judge to decide the case on the basis of the administrative record."  <u>Herbin v. District of Columbia</u>, 362 F. Supp. 2d 254, 258 (D.D.C. 2005) (internal quotations and citation omitted).  The party challenging the hearing officer's determination bears the burden of convincing the court that it was incorrect.  <u>See</u> <u>Angevine v. Smith</u>, 959 F.2d 292, 295 (D.C. Cir. 1992).

## **Analysis**

Hawkins has already obtained most of the remedies she sought in her complaint.  DCPS is funding D.C.'s education at

- 4 -

High Road, and it convened a new MDT meeting and developed a new
IEP to which she consents.[3]  As a result, her many allegations of
procedural error can no longer support relief.  IDEA claims based
on procedural error are "viable only if those procedural
violations affected the student's *substantive* rights."  Lesesne
v. District of Columbia, 447 F.3d 828, 834 (D.C. Cir. 2006); see
also M.M. v. Sch. Dist., 303 F.3d 523, 534 (4th Cir. 2002) ("If a
disabled child received (or was offered) a FAPE in spite of a
technical violation of the IDEA, the school district has
fulfilled its statutory obligations.").  "[O]nly those procedural
violations of the IDEA which result in loss of educational
opportunity or seriously deprive parents of their participation
rights are actionable."  B.M. v. Bd. of Educ., 128 F. App'x 876,
881 (3d Cir. 2005); see also 20 U.S.C. § 1415(f)(3)(E)(ii).

　　　Hawkins has not alleged, much less proven, that D.C.
has suffered any educational harm from DCPS's actions.  Nor has
her right to participation in determining her son's educational
process been harmed.  D.C. is now attending the very school she
desired for him, which is more control than parents are normally
afforded under IDEA.  Cf. A.W. v. Fairfax County Sch. Bd., 372
F.3d 674, 683 n.10 (4th Cir. 2004) ("[T]he right conferred by the

---

[3] The only significant relief that Hawkins has not received
is attorneys' fees.  She has not shown, however, or even argued,
that she is a "prevailing party" within the meaning of 20 U.S.C.
§ 1415(i)(3)(B)(i).

IDEA on parents to participate in the formulation of their child's IEP does not constitute a veto power over the IEP team's decisions."). Moreover, while there is fault with both parties in their poor relations between May and November 2008, I cannot disagree with the hearing officer's conclusion that "[t]he preponderance of the evidence simply does not support the allegation that DCPS was primarily responsible for the failure to develop an IEP and to determine a placement for [D.C.] for the 2008-2009 school year." A.R. 5. The record shows that Hawkins was unresponsive to DCPS's efforts to reach her for long periods of time, while her attempts at communication were relatively sporadic.

Although Hawkins describes her attacks on the adequacy of the May 2008 MDT meeting and the resulting IEP as substantive rather than procedural, her characterization is not convincing. Plaintiff is correct to note that IEPs are "the centerpiece of the statute's education delivery system for disabled children." Honig v. Doe, 484 U.S. 305, 311 (1988). Important and substantive are not synonyms, however. IDEA's substance protects disabled children's access to education. The proper development of an IEP is a process to achieve that end. See 20 U.S.C. § 1415(f)(3)(E)(i) (in evaluating claims of substantive IDEA violations, "a decision made by a hearing officer shall be . . . based on a determination of whether the child received a free

appropriate public education"). Hawkins' burden is to show some harm the alleged inadequacies of the May 2008 IEP caused her son, and she has not done so.

### Conclusion

D.C. is at a school that all deem appropriate for his special educational needs. He has apparently suffered no academic harm from the dispute between his mother and DCPS. Therefore, Hawkins' claims cannot survive IDEA's requirement that she couple the alleged procedural violations with substantive harm.


                                    JAMES ROBERTSON
                              United States District Judge